John R. and Nancy Baltis v. Commissioner.
Baltis v. Commissioner
Docket No. 7433-70.
United States Tax Court
T.C. Memo 1972-50; 1972 Tax Ct. Memo LEXIS 205; 31 T.C.M. (CCH) 213; T.C.M. (RIA) 72050; February 24, 1972, Filed *205 John R. Baltis, pro se, 55 Rodeo, Sausalito, Calif. Lawrence G. Becker and Peter D. Bakutes, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: Petitioners are husband and wife. They filed their joint income tax returns for 1967 and 1968 with the district director of internal revenue at San Francisco, California. The Commissioner determined deficiencies in petitioners' income tax for those years in the amounts of $528 and $530.53, respectively. At the time of the filing of the petition herein they resided in Sausalito, California. At issue is the correctness of the Commissioner's disallowance of certain deductions claimed on the joint returns, which petitioners attempt to support as being related to the husband's alleged activities as a free lance writer. On their 1967 and 1968 returns petitioners claimed "Total Other Deductions" in the aggregate amounts of $2,714 and $2,627, respectively. The Commissioner disallowed deductions for the following items included in the foregoing amounts: 1967
1968
Office Equipment Depreciation
$ 35
$ 35
Office Supplies
28
20
Home Office
540
540
Office Utilities
60
66
Research Expense
520
535
Solicitation
$ 525
$ 496
Camera Supplies
96
104
Telephone Required 164
178
$1,968
$1,974
*206 The husband ("petitioner") graduated from the University The husband ("petitioner") graduated from the University of Missouri in 1948, and has been continuously engaged in the newspaper business since that time in a variety of capacities. In 1967 and 1968 he was employed as a copy editor by the San Francisco Chronicle. Throughout the entire period since 1948 his work has been that of a salaried employee. In addition, he has sold three articles during that period, one in 1954 to "Click Magazine" for $150, a second in 1961 or 1962 to an unnamed magazine for $200, and the third in 1964 to a German publication for approximately $200. Apart from these three articles he has realized no income from free lance writing up to the present time. At the trial petitioner gave testimony with respect to some seven articles that he had either completed or done some work upon during the tax years. However, the occasion for each such article was either a personal or pleasure trip taken by petitioner and his wife. Two of 214 them involved airplane trips to Kansas City to visit petitioner's parents, and the other five primarily automobile trips to resort areas. It is our conclusion and we find *207 as a fact from the evidence that each of these trips was undertaken primarily for personal reasons, that none of them would have been made for the purpose of preparing any article, and that whatever free lance writing petitioner did either on those trips or as a consequence thereof was of such relatively minor significance that it did not constitute the carrying on of a trade or business. We cannot find that petitioner seriously entertained the idea during the tax years of making any net profit out of free lance writing. Cf. , affirmed (C.A. 2), certiorari denied ; , affirmed per curiam, - F. 2d - (C.A. 9). And there was no contention or showing that any of the claimed expenses in issue were related in any way to petitioner's trade or business of being a copy editor. Moreover, there was almost complete failure to substantiate the specific items which the Commissioner disallowed, and which petitioner claimed to have been related to his activities as a free lance writer. Upon the record before us we cannot find that the Commissioner *208 erred in his determination of deficiencies. Decision will be entered for the respondent.